UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| LARRY REDERICK, <br><br> Movant, <br><br> vs. <br><br> UNITED STATES OF AMERICA, <br><br> Respondent. | 4:24-CV-04186-KES <br><br><br> ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING § 2255 MOTION |

**INTRODUCTION**

Movant, Larry Rederick, filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, which was received after the one-year statute of limitations had expired. Docket 1; *see* 28 U.S.C. § 2255 (f)(2). The magistrate judge recommended dismissing the motion as untimely. Docket 5 at 3. Rederick objects, arguing that equitable tolling should apply because he was misled by the non-attorney paralegal that assisted him. Docket 12 at 2-4. After de novo review, the court overrules Rederick's objection, adopts the magistrate judge's report and recommendation, and dismisses the § 2255 motion with prejudice.

**BACKGROUND**

On January 6, 2022, a jury found Rederick guilty of possession with intent to distribute a controlled substance, and conspiracy to distribute a

controlled substance.[1] CR Docket 92. Rederick appealed his conviction to the Eighth Circuit, which affirmed the judgment of this court on April 24, 2023. CR. Docket 137. Rederick then petitioned the Supreme Court for a writ of certiorari, and the Supreme Court denied the petition on October 2, 2023. CR. Docket 142.

On October 8, 2024, Rederick filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Docket 1. That same day, the magistrate judge issued an order directing Rederick to show cause why the § 2255 motion should not be dismissed as untimely. Docket 3. The government responded, agreeing that the motion was untimely. Docket 4. Rederick did not respond to the order to show cause.

Under 28 U.S.C. § 636(b)(1)(B) and District of South Dakota Civil Local Rules of Practice 72.1.A.2(b), the court referred the matter to the magistrate judge for proposed findings and a recommendation. Magistrate Judge Duffy recommended that the motion be dismissed with prejudice because it was untimely and because movant failed to carry his burden of establishing that equitable tolling applies. Docket 5 at 3. Rederick timely objects to the report and recommendation, Docket 12, and also moves to expand the record, Docket 13.

---

[1] Documents cited from this civil habeas file will be cited using the court's assigned docket number. Documents from Rederick's underlying criminal case, *United States v. Rederick*, 4:20-CR-40066-KES (D.S.D. 2020), will be cited using the court's assigned docket number preceded by "CR."

## LEGAL STANDARD

The court's review of a magistrate judge's report and recommendation is governed by 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure. The court reviews de novo any objections to the magistrate judge's recommendations as to dispositive matters that are timely made and specific. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In conducting its de novo review, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(c); *United States v. Craft*, 30 F.3d 1044, 1045 (8th Cir. 1994).

## DISCUSSION

Rederick objects to the magistrate judge's report and recommendation regarding equitable tolling, arguing that equitable tolling is warranted because a non-attorney paralegal allegedly misrepresented that he had timely submitted Rederick's § 2255 motion and later provided inconsistent explanations regarding the delay. Docket 12 at 2-4. Rederick asserts that he relied on this individual and that the failure to timely file was not attributable to him. *Id.* Rederick's arguments are unavailing.

The Eighth Circuit has held that the one-year time limit for filing § 2255 motions can be extended by applying equitable tolling "where extraordinary circumstances beyond a prisoner's control prevent timely filing." *United States v. Martin*, 408 F.3d 1089, 1093 (8th Cir. 2005) (internal quotation marks omitted) (importing the equitable tolling rules from the § 2254 context into the § 2255 context). "The one-year statute of limitation may be equitably tolled only

3

if [the movant] shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Muhammad v. United States*, 735 F.3d 812, 815 (8th Cir. 2013) (alteration in original).

"Equitable tolling is an 'extraordinary' remedy that 'affords the otherwise time-barred petitioner an exceedingly narrow window of relief.'" *Chachanko v. United States*, 935 F.3d 627, 629 (8th Cir. 2019) (quoting *Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001)); *cf. Baker v. Norris*, 321 F.3d 769, 771 (8th Cir. 2003) (denying equitable tolling of habeas petition filing deadline because the "prison's rule limiting inmates to two hours at a time in the library and requiring them to sign up for access in advance" was not an "extraordinary circumstance[] beyond a prisoner's control" because it was "not enough to make it impossible to file a [habeas] petition on time" (citation omitted)). Also, "such extraordinary circumstances must not be attributable to the petitioner . . . and must be beyond a prisoner's control[.]" *Byers v. United States*, 561 F.3d 832, 836 (8th Cir. 2009). "Finally, '[t]he [movant] must also demonstrate he acted with due diligence in pursuing his [§ 2255 motion].'" *Id.* (quoting *E.J.R.E. v. United States*, 453 F.3d 1094, 1098 (8th Cir. 2006)) (first alteration in original).

Here, Rederick has failed to establish that an extraordinary circumstance prevented the timely filing of his § 2255 motion. Rederick argues that equitable tolling should apply because the paralegal who assisted him repeatedly assured him that the § 2255 motion would be timely filed and later submitted an

4

unauthorized response to this court's order to show cause. Docket 12 at 2-4. But Rederick's objection shows that his paralegal emailed him the completed § 2255 motion on September 28, 2024, before the October 2, 2024 deadline. *Id.* at 3. Rederick's alleged circumstance does not establish that it was impossible for him to file his § 2255 motion on time. *See Baker*, 321 F.3d at 771. Rederick also fails to explain how the paralegal's actions prevented him from filing his § 2255 motion sooner. The mere existence of the paralegal's actions "does not change the reality that [Rederick was] free, at any time, to file [his] § 2255 [motion] after final judgment was entered and before the one-year statute of limitations period had expired." *E.J.R.E.*, 453 F.3d at 1098.

Rederick has also failed to explain or otherwise distinguish his circumstances from those ordinarily resulting from confinement. Pre-filing obstacles like the one Rederick cites are common among "many if not most [§ 2255 movants], and therefore Congress is presumed to have considered such equities in enacting a one-year limitations period." *Jihad*, 267 F.3d at 807. That Rederick and his paralegal's process led to an untimely filing "is an unfortunate, but not extraordinary, circumstance." *Martin v. Fayram*, 849 F.3d 691, 698 (8th Cir. 2017). Thus, Rederick has failed to establish that extraordinary circumstances prevented him from timely filing his § 2255 motion. *See Jihad*, 267 F.3d at 806 (holding that the application of equitable tolling "must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes.").

Even if Rederick could demonstrate an extraordinary circumstance, he would not be entitled to equitable tolling because he failed to exercise reasonable diligence in pursuing his claim. *See Chachanko*, 935 F.3d at 630. "The diligence required for equitable tolling purposes is 'reasonable diligence' not 'maximum feasible diligence.' " *Muhammad*, 735 F.3d at 816 (quoting *Holland*, 560 U.S. at 653.)

The Eighth Circuit has found that a § 2255 movant demonstrated reasonable diligence where he hired counsel well before the deadline, "did everything in [his] power to stay abreast of the status of his case," provided original documents to support the motion, filed a complaint with the state bar, and submitted motions to the district court requesting an extension of time and the return of documents from his attorney. *See Martin*, 408 F.3d at 1095.

Here, Rederick states that he retained a paralegal on August 10, 2024, sent the paralegal information and documents about his case, answered the paralegal's questions, and relied on the paralegal's assurances that the § 2255 motion would be timely filed. Docket 12 at 3. Rederick's objection, however, also shows that his paralegal emailed him the § 2255 motion on September 28, 2024, before the October 2, 2024 deadline. *Id.* Beyond following up with his paralegal, Rederick did nothing to ensure that he would file his motion under § 2255 before the one-year deadline. Rederick does not explain why he could not file the motion himself after receiving it, contact the court before the deadline, or otherwise take steps to ensure that the § 2255 motion was timely filed. *See Muhammad*, 735 F.3d at 817; *see also Martin*, 408 F.3d at 1095.

Although Rederick alleges that the paralegal later submitted an unauthorized and false response to the order to show cause, those allegations do not establish that Rederick acted with reasonable diligence before the limitations period expired. Docket 12 at 4. The level of diligence Rederick has demonstrated falls short of what is required to establish reasonable diligence for equitable tolling purposes. *See Martin*, 408 F.3d at 1095; *see also Holland*, 560 U.S. at 653 (holding petitioner acted with reasonable diligence by repeatedly writing to his attorney, seeking his attorney's removal through the courts and state bar, and filing his own habeas petition the day he learned he was out of time).

Rederick's reliance on *Downs v. McNeil*, 520 F.3d 1311 (11th Cir. 2008), does not produce a different result. In *Downs*, the Eleventh Circuit held that serious attorney misconduct may constitute an extraordinary circumstance when counsel repeatedly misrepresented the status of filings, disregarded the petitioner's express instructions, retained legal papers, and left the petitioner with only one day to file a federal habeas petition after state proceedings concluded. 520 F.3d at 1321-25. But *Downs* does not stand for the principle that any misrepresentation by a legal assistant automatically justifies equitable tolling. Instead, *Downs* emphasized that equitable tolling depends on the particular facts and requires both extraordinary circumstances and diligence. *Id.* at 1323-25. Here, unlike in *Downs*, Rederick's objection shows that the paralegal emailed him the § 2255 motion before the statute of limitations deadline. Docket 12 at 3. Rederick does not allege that the paralegal retained

7

his legal papers, prevented him from filing the motion himself, or left him with no practical ability to act before the deadline. *See id.* at 3-4. Even assuming the paralegal later made false statements in an unauthorized response to the order to show cause, Rederick has not shown the type of extraordinary misconduct present in *Downs. Downs,* 520 F.3d at 1325. Thus, Rederick's objection is overruled.

**CERTIFICATE OF APPEALABILITY**

When a district court denies a petitioner's § 2255 motion, the petitioner must first obtain a certificate of appealability before an appeal of that denial may be entertained. 28 U.S.C. § 2253(c)(1); *see also Miller-El v. Cockrell,* 537 U.S. 322, 335-36 (2003). This certificate may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A "substantial showing" is one that proves "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). Stated differently, "[a] substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris,* 133 F.3d 565, 569 (8th Cir. 1997). Rederick has not made a substantial showing that his claims are debatable among reasonable jurists, that another court could resolve the issues raised in his claims differently, or that a question raised by his claims deserves additional proceedings. Thus, a certificate of appealability is not issued.

8

## CONCLUSION

After conducting a de novo review, it is ORDERED:

1. That Rederick's objection to the Report and Recommendation (Docket 12) is overruled.

2. That the magistrate judge's Report and Recommendation (Docket 5) is adopted in full.

3. That Rederick's motion under 28 U.S.C. § 2255 (Docket 1) is dismissed with prejudice.

4. That Rederick's motion to expand the record (Docket 13) is denied as moot.

5. That a certificate of appealability is denied.

Dated June 23, 2026.

BY THE COURT:

/s/ Karen E. Schreier
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE

9